```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JOSEPH ROMAIN, and
MARIE R. ROMAIN,

                    Plaintiffs,         MEMORANDUM & ORDER
                                        21-CV-6609 (JS)(ARL)
        -against-

STATE FARM FIRE & CASUALTY
COMPANY,

                    Defendant.
----------------------------------x
For Plaintiffs:     Joseph Romain, Pro Se
                    Marie R. Romain, Pro Se
                    176 Rushmore Street
                    Westbury, New York  11590

For Defendant:      J'Naia Boyd, Esq.
                    Michael A. Troisi, Esq.
                    Michael P. Welch, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, New York  11556
```

SEYBERT, District Judge:

Pro Se plaintiffs Joseph Romain and Marie Romain (the "Plaintiffs") commenced this diversity-based action against defendant State Farm Fire and Casualty Company ("State Farm" or the "Defendant"). Plaintiffs' Amended Complaint, ("AC") (ECF No. 17) purports to allege claims for breach of contract related to insurance claims they submitted for damages to their dwelling and personal property. Plaintiffs seek $5,000,000 in actual and punitive damages.

1

Currently pending before the Court is Defendant's motion to dismiss Plaintiffs' Amended Complaint (hereafter, "Dismissal Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs' claims are time-barred. For the reasons set forth below, Defendant's Dismissal Motion is GRANTED in part and DENIED in part.

BACKGROUND

I. Factual Background[1]

Plaintiffs' claims stem from a homeowner's insurance policy they purchased from State Farm for their residential property located in Westbury, New York ("the Property"). (See Homeowners Policy, ("Policy"), Ex. B, ECF No. 26-2, attached to Decl. of Michael P. Welch.) As is relevant here, the Policy stipulates that "[n]o action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage." (Id. at 38.)

---

[1] The following facts are taken from Plaintiffs' Amended Complaint and, for purposes of considering the Dismissal Motion, are accepted as true. See, e.g., Williams v. Richardson, 425 F. Supp. 3d 190, 200 (S.D.N.Y. 2019). The Court notes, however, that it is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).

On May 6, 2018, Plaintiffs' clothes dryer caught on fire due to a clogged dryer vent. (AC at 8.[2]) The dryer was in the laundry room located in the basement of the Plaintiffs' home. (Id.) Plaintiffs allege that smoke from the fire spread outside through open windows and damaged the surrounding trees. (Id.) Plaintiffs' detached garage was located under three of the damaged trees. (Id.) "Leaves and dead branches from the trees destroyed the detached garage." (Id. at 9.) Following the Town of North Hempstead's inspection of the premise, Plaintiffs were instructed to demolish the detached garage. (Id.) The inspections also resulted in the Plaintiffs having to pay two separate fees of $250 to the Town, as well as a $250 fee to the Nassau County Department of Health. (Id.) Further, Plaintiffs paid $2,300 to a landscaping company to complete the demolition. (Id.) Plaintiffs claim that Defendant declined to reimburse Plaintiffs as required by the Policy. (Id.)

Additionally, Plaintiffs allege that they "called and on September 28, 2021, wrote a letter to State Farm to request inspection concerning damage that occurred because of a broken pipe leaking water in the laundry room from September 11, 2021, through September 20, 2021." (Id. at 7.) Plaintiffs claim that part of the basement ceiling in the laundry room had collapsed as

---

[2]  Note:  In its citations herein, the Court is using the page numbers generated by its Electronic Case Filing ("ECF") system.

3

a result of the broken pipe. (Id.) All of the rooms and the toilet in the basement which had just been repaired a few weeks prior were inundated with water. (Id.) As a result, Plaintiffs allege, personal property, walls, carpet, upholstery, drapes, and the floor were damaged. (Id.)

Plaintiffs claim that on November 15, 2021, they attempted to repair the damage themselves with the assistance of two hired helpers and spent $62,424.55 in repairs for which State Farm should have reimbursed them in accordance with the Policy. (Id.) They allege that State Farm breached the insurance contract in "fail[ing] to take any steps towards fulfilling their obligations" pursuant to the terms of the Policy. (Id.)

Plaintiffs' September 28, 2021 letter to State Farm, attached to the AC, indicates that the funds State Farm paid to Plaintiffs were insufficient to cover the estimated cost to repair the damage to their home and their personal property caused by the May 6, 2018 fire. (Pls. Ex. B-2, ECF No. 17, at 17-18.) The letter does not mention the broken pipe in Plaintiffs' basement or any loss occurring in September 2021. (Id.) It also does not reference the damaged trees or the detached garage. (Id.)

II. Procedural History

Plaintiffs filed their initial Complaint on November 30, 2021. (ECF No. 1.) On January 5, 2022, Plaintiffs sought leave to amend their Complaint (ECF No. 14), which this Court granted on

4

January 13, 2022. (ECF No. 15.) On February 4, 2022, Plaintiffs filed their AC. (ECF No. 17.) On April 13, 2022, Defendant filed the instant Dismissal Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def's. Mot., ECF No. 25; see also Support Memo, ECF No. 27.) Plaintiffs filed an opposition on April 29, 2022 (Opp'n, ECF No. 29), to which the Defendant replied on June 21, 2022 (Reply, ECF No. 30).

## DISCUSSION

### I. Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted). Although the Court must accept all allegations in the complaint as true, this tenet is "inapplicable to legal conclusions." Id. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Ultimately, the Court's plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

5

When deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), which has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect").

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. See, e.g., Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014).

II. Analysis

State Farm contends that Plaintiffs' AC should be dismissed as time-barred. (Support Memo at 9-12.) For the reasons discussed below, the Court finds: (1) Plaintiffs' breach of contract claim with respect to damages caused by the May 6, 2018 fire is time-barred; but (2) Plaintiffs' breach of contract claim

6

with respect to damages caused by the September 2021 broken pipe is not time-barred.

As an initial matter, in this diversity suit, New York law applies. New York law generally affords parties to a contract six years to file suit for an alleged breach of contract, accruing from the date of the breach. N.Y. C.P.L.R. § 213(2). However, parties to a contract may agree to shorter limitations periods, which are normally enforceable when they are reasonable and in writing. N.Y.C.P.L.R. § 201; Exec. Plaza, LLC v. Peerless Ins. Co., 22 N.Y.3d 511, 518 (N.Y. 2014). This rule applies to insurance policies. Hirth v. Am. Ins. Co., No. 15-CV-3245, 2016 WL 75420, at *4 (S.D.N.Y. Jan. 7, 2016) (citing Gilbert Frank Corp. v. Fed. Ins. Co., 70 N.Y.2d 966 (N.Y. 1988)). Generally, two-year limitations periods in insurance policies are regularly upheld and enforced by courts applying New York law. See Pfeffer v. Harleysville Grp., Inc., No. 10-CV-1619, 2011 WL 6132693, at *7 (E.D.N.Y. Sept. 30, 2011), aff'd, 502 F. App'x 28 (2d Cir. 2012) (collecting cases).

Here, by the terms of Plaintiffs' Policy, the limitations period within which to bring suit against State Farm was shorter than the state-allowed six-year period; the Policy specifically stated: "Suits Against Us. No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing

7

loss or damage." (Policy at 38, ¶6 (emphasis added).) As State Farm aptly states, "Plaintiffs were required to commence this action within two years of the occurrence causing loss or damage, i.e.[,] the date of the catastrophe insured against." (Support Memo at 11 (citations omitted).) Plaintiffs do not dispute that the alleged breach of the Policy is subject to these limitations.

    A. The May 2018 Fire Claim

Given the applicable two-year limitations period in Plaintiffs' Policy, their breach of contract claim against State Farm for damages caused by the May 6, 2018 fire had to have been brought no later than May 6, 2020. However, Plaintiffs did not commence the instant action until November 30, 2021 -- more than one year after the limitations period expired and more than three years after the fire damage occurred.[3] Therefore, Plaintiffs' claim regarding damages to their detached garage caused by trees which had been damaged by smoke from the May 6, 2018 fire is time-barred.

---

[3] The Court further notes that Plaintiffs appear to have abandoned their claim based upon the May 2018 fire since as they do not address this claim in their opposition to Defendant's Dismissal Motion. See Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC, No. 08-CV-0442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . ., a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); Randall v. Dish Net., LLC, No. 17-CV-5428, 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) ("In light of the [p]laintiff's failure to address these claims in his opposition papers to this motion, [they] are deemed abandoned.").

8

### B. The September 2021 Broken Pipe Claim

However, in their Opposition, Plaintiffs contend that their breach of contract claim with regard to the loss allegedly caused by the September 2021 broken pipe falls within the two-year limitations period. (Opp'n. at 5-6.) Plaintiffs assert that on October 8 and 14, 2021, they contacted State Farm by phone, requesting an appointment for inspection of the broken pipe, but, despite their repeated efforts, were unable to get an appointment scheduled. (Id. at 5.) Plaintiffs contend that State Farm "ignored the inspection request in the[ir] letter September 28, 2021;" yet, Plaintiffs acknowledge that the September 28 letter, which discusses the damages caused by the May 6, 2018 fire, fails to mention the alleged broken pipe. (Id.) Instead, Plaintiffs claim that the letter was "a reminder to request an inspection concerning the broken pipe and to remind Defendant [sic] [of] the statement of replacement cost and benefits." (Opp'n. at 3.) Ultimately, Defendant concedes that in the event Plaintiffs' "new loss with new damages occurred in September 2021" and is "entirely unrelated to their fire loss and resulting damages," Plaintiffs' suit appears to be timely. (Reply at 6) (emphasis in original). The Court agrees. Therefore, to the extent that Plaintiffs' breach of contract claim is based upon Defendant's denial or failure to respond to a claim for damages caused by the September 2021 broken pipe, which is wholly unrelated to the May 6, 2018 fire, that

9

portion of their action is not time-barred by the two-year limitations period.

Accordingly, the Court grants Defendant's Dismissal Motion with respect to any damage caused by the May 6, 2018 fire, but denies said Motion with regard to damages caused by the September 2021 broken pipe.[4]

III. Punitive Damages

Defendant contends that Plaintiffs' demand for punitive damages based on an alleged breach of contract also fails as a matter of law. (Support Memo at 24-25.) The Court agrees.

Under New York law, "[p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy a private wrong but to vindicate public rights." Rocanova v. Equitable Life Assur. Soc., 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342-43 (1994). To state a claim for punitive damages, a plaintiff must plead: (i) the defendant's conduct is actionable as an independent tort; (ii) the alleged tortious conduct is of an egregious nature; (iii) the egregious conduct is directed at the plaintiff; and (iv) the egregious conduct is part of a pattern directed at the public generally. See New York Univ.

---

[4] Although a plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [d]efendant[']s motion to dismiss," K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013), given Plaintiffs' pro se status, the Court considered the facts raised by Plaintiffs in their Opposition. (See Opp'n. at 6.)

10

v. Continental Ins. Co., 87 N.Y.2d 308, 315, 639 N.Y.S.2d 283, 287 (1995). Further, in order to recover punitive damages against an insurance carrier, a plaintiff must demonstrate that the carrier, in its dealings with the general public, engaged in a fraudulent scheme which demonstrates such a "high degree of moral turpitude" and "such wanton dishonesty as to imply a criminal indifference to civil obligations." Rocanova, 83 N.Y.2d at 613, 612 N.Y.S.2d 339, 342-43 (quoting Walker v. Sheldon, 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488, 491, 179 N.E.2d 497, 499 (1961).) Thus, punitive damages are not available for a mere breach of an insurance contract "even if committed willfully and without justification." Tate v. Metro. Life Ins. Co., 186 A.D.2d 859, 860, 587 N.Y.S.2d 813, 814 (3d Dep't 1992).

Here, the Plaintiffs have failed to allege an independent tort separate and apart from the alleged breach of the Policy or that State Farm's alleged conduct was of an egregious nature. Essentially, this case involves "a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large." New York Univ., 87 N.Y.2d at 321, 639 N.Y.S.2d 283, 662 N.E.2d 763 (citation omitted). Hence, Plaintiffs' demand for punitive damages must be dismissed with prejudice.

11

CONCLUSION

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Dismissal Motion (ECF No. 25) is **GRANTED IN PART** and **DENIED IN PART**, such that:

I. Plaintiffs' breach of contract claim regarding the May 6, 2018 fire is DISMISSED;

II. Plaintiffs' breach of contract claim regarding the September 2021 broken pipe survives the Dismissal Motion and REMAINS; and

III. Plaintiffs' demand for punitive damages is DISMISSED.

**IT IS FURHTER ORDERED** that the case is referred to Magistrate Judge Lindsay for discovery purposes; the parties may also request that Magistrate Judge Lindsay conduct a settlement conference.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiffs.

                                      **SO ORDERED.**

                                    /s/ JOANNA SEYBERT
                                    Joanna Seybert, U.S.D.J.

Dated:    November 8, 2022
           Central Islip, New York