UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH ROMAIN, MARIE R. ROMAIN,

                            Plaintiffs,                                      **REPORT AND
                                                                             RECOMMENDATION**
              -against-                                                      21-CV-6609 (GRB) (ARL)

STATE FARM FIRE & CASUALTY COMPANY,

                            Defendant.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Plaintiffs Joseph Romain and Marie Romain ("Plaintiffs") commenced this breach of

contract action against defendant State Farm Fire and Casualty Company ("Defendant") on

November 30, 2021.  ECF No.1.  Plaintiffs filed an amended complaint on February 4, 2022

alleging claims for breach of contract related to insurance claims they submitted for damages to

their dwelling and personal property.  ECF No. 17.  Defendant moved to dismiss the Amended

Complaint and by Order dated November 8, 2022, Judge Seybert granted in part and denied in

part the motion.  ECF No. 31.  Plaintiffs were permitted to pursue claims arising out of broken

pipes that occurred in their home in September 2021.  *Id*. at 9-10.  Plaintiffs' claim for punitive

damages as well as their claim arising out of a breach of contract relating to a May 6, 2028 fire

were dismissed.  *Id.*

Since that time the parties have been engaged in a series of discovery disputes.  Counsel

for Plaintiffs, who first appeared in December 2022, has since sought permission to withdraw

from his representation, stating his clients no longer wished for him to continue as his attorney

and indicating he was unable to effectively communicate with his clients.  ECF No. 54.  The

motion to withdraw was granted.  ECF No. 59.  One of the ongoing issues with respect to

discovery in this matter has been Plaintiffs refusal to appear for their deposition.  While the

1

parties offer differing versions of the circumstances giving rise to the standoff, this Court has been clear: the deposition must go forward.  As set forth in this Court's order of August 30, 2024, "Plaintiffs have advanced no basis to refuse their depositions, other than their oft repeated refrain that Defendants are "lying" about who rescheduled the deposition first. At this point these facts are irrelevant, Plaintiffs must make themselves available for their deposition in New York within 30 days from the date of this order. Failure to do so may result in sanctions, which may include a recommendation to Judge Seybert that this action be dismissed." ECF No. 74.  Rather than appear for their deposition, Plaintiffs appealed the Order to Judge Seybert and sought the recusal of the undersigned.  ECF No 75. The motion for recusal was denied, and further discovery was stayed pending Plaintiffs' appeal of this Court's Order.  By Order dated April 14, 2025, Judge Seybert affirmed the August 30, 2025 Order and directed Plaintiffs to proceed as directed by this Court.  ECF No. 92.

Plaintiffs filed a motion to compel Defendant to produce documents related to a statement made by counsel for Defendant indicating that "We have been advised that Plaintiffs are now not available until the end of February." ECF No. 93.  On April 29, 2025, the undersigned denied Plaintiffs' motion on several grounds and directed Plaintiffs to "make themselves available for their deposition in New York within 30 days from the date of this order. Plaintiffs are once again warned that a failure to do so may result in sanctions, which may include a recommendation to Judge Brown that this action be dismissed." ECF No. 95.  Rather than appear for their deposition as ordered, Plaintiffs filed an appeal of this Court's Order to Judge Brown.[1]  ECF No. 98.  Plaintiffs' motion was denied on May 21, 2025.  Plaintiffs then appealed Judge Brown's denial of their appeal to the Second Circuit.  ECF No. 100.

---

[1] This matter was reassigned to District Judge Brown on April 16, 2025.

On May 29, 2025, Plaintiffs filed a motion addressed to Judge Brown captioned motion "to alter or amend" his May 21, 2025 Order.[2]  ECF No. 102. In response, Defendant argued that the motion was frivolous and nothing more than an attempt to "delay the proceedings and obstruct State Farm's right to conduct their depositions."  ECF No. 103.   Judge Brown denied Plaintiffs' motion on June 9, 2025, and directed Plaintiffs to comply with this Court's April 29, 2025 that directed Plaintiffs to appear for their deposition.

On May 30, 2025, Defendant filed a letter motion to dismiss addressed to the undersigned.  ECF No. 104.  Defendant notes that "it has been attempting to obtain Plaintiffs' depositions for over a year. See e.g., D.E. 45, 49, 68, 70, 90. Instead of simply appearing for their depositions and prosecuting their action, Plaintiffs have chosen to file repeated frivolous motions delaying the case and impairing State Farm's rights." According to Defendant, Plaintiffs' refusal to make themselves available for depositions—despite a direct Court Order— constitutes willful noncompliance with this Court's April 29, 2025 Order, justifying a recommendation that this action be dismissed.  *Id.*   Plaintiffs did not respond to Defendant's motion.  On June 30, 2025, this Court afforded Plaintiffs one final opportunity to appear for their depositions, opining that "in light of Plaintiffs' pro se status, they will be afforded one final opportunity to actively prosecute this action by appearing for their depositions within 30 days from the date of this order."  ECF No. 105.   Plaintiffs were warned that **"[a] failure to do so will result in sanctions, including a recommendation to Judge Brown that this action be dismissed**."  *Id.* (emphasis in original).

Since that time, Plaintiffs have filed a notice of interlocutory appeal of Judge Brown's

---

[2] However, Plaintiffs may only appeal a non-final order of the district court in limited circumstances.  "[T]here are only three avenues by which [Plaintiffs] can challenge the [discovery order]: (1) a certified interlocutory appeal under 28 U.S.C. § 1292(b), (2) an immediate appeal of an order of criminal contempt, and (3) an appeal after a final judgment."

June 9, 2025 Order denying Plaintiffs' motion to alter of amend its May 21, 2025 Order.  ECF

No. 107.  Plaintiffs have not, however, appeared for their deposition or responded to multiple

requests to schedule the depositions.  On July 8, 2025, Defendant reported to the Court that:

> Following the Court's directive, we made multiple attempts to contact Plaintiffs to schedule their depositions within the timeframe ordered by the Court. On July 1, 2025, we sent a letter to Plaintiffs via Fed Ex enclosing a copy of the June 30th Order and requesting dates in the next thirty days when Plaintiffs are available to appear for their depositions. See Ex. A. That letter was delivered on July 2, 2025. Id. at 7. We followed up with Mr. Romain by email on July 3rd and July 7th. To date, however, we have not received any response from Plaintiffs.

ECF No. 108.  Plaintiffs have not responded to the letter.  By letter motion dated July 31, 2025,

Defendants renewed their motion to dismiss based upon Plaintiffs' failure to adhere to this

Court's orders and make themselves available for a deposition.  ECF No. 111.  According to

Defendant, counsel reached out to Plaintiffs by email again on July 11 and July 22 in an effort to

schedule the depositions.  *Id*.  Plaintiffs did not respond to those requests.

Plaintiffs have chosen to initiate this lawsuit but have refused to make themselves

available for a deposition since at least August 2024.  *See* ECF No. 74, at 4.  By Order dated

August 30, 2024, Plaintiffs were warned that a failure to appear for a deposition by September

30, 2024 could result in a recommendation to the District Judge that this action be dismissed for

failure to prosecute.  *Id*.  Plaintiffs were directed to appear for their deposition within 30 days by

this Court again on April 29, 2025, and were once again warned that a failure to comply could

result in a recommendation that this action be dismissed.  ECF No. 95.  As a result of Plaintiffs'

refusal to schedule their depositions, on May 30, 2025, Defendant filed a motion to dismiss for

failure to prosecute.  ECF No. 104.  While Plaintiffs never responded to the motion to dismiss

this Court nevertheless afforded Plaintiffs one final opportunity to appear for their depositions

accompanied by a warning that a failure to do so would result in a recommendation that the

action be dismissed. ECF No. 105.  To date, Plaintiffs have failed to appear for their deposition.

Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute or to follow a court order.  Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 164 (2d Cir. 2023) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." *Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 U.S. Dist. LEXIS 69070, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)), report and recommendation adopted, 2020 U.S. Dist. LEXIS 79951, 2020 WL 13566476 (E.D.N.Y. May 6, 2020).

Here, Plaintiffs have been repeatedly warned that a failure to schedule their depositions could result in dismissal of its claim.  Plaintiffs have been directed to appear for their depositions

on two separate occasions but have refused to do so and have failed to even respond to multiple

requests by Defendants regarding scheduling.  The issue of Plaintiffs' deposition has been

litigated before this Court for over a year, and rather than participate in a deposition Plaintiffs

have filed one motion after another seeking to sidestep their obligation.  Under these

circumstances, the matter cannot proceed.  Certainly, Defendant would be substantially

prejudiced should this case remain open, to say nothing of the need to alleviate court congestion

where the plaintiff has been nonresponsive.  The undersigned, therefore, respectfully

recommends that this case be dismissed with prejudice for failure to prosecute.  *See Torres v.*

*City of N.Y.,* No. 19-CV-06332 (ER), 2024 U.S. Dist. LEXIS 218631, 2024 WL 4931866

(S.D.N.Y. Dec. 2, 2024) ("there is no sanction short of dismissal that is appropriate. Not only has

[Plaintiff] ignored a court order to appear for a deposition, he has otherwise failed to schedule

and appear for a deposition in the eight months afterwards"); *Adams v. City of New York*

*N.Y.P.D.,* 16 Civ. 6799 (GBD) (BCM), 2018 U.S. Dist. LEXIS 62299, 2018 WL 1801294, at *1

(S.D.N.Y. Apr. 12, 2018) (dismissing pro se complaint pursuant to Rule 41(b) where plaintiff

had been warned that failure to comply with the Court's orders could result in dismissal).


Dated:   Central Islip, New York
         August 26, 2025


                                    _____/s_____
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge